# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| KATHERYN H., <br>     Plaintiff, <br><br> v. <br><br> MICHELLE KING, Acting Commissioner of the Social Security Administration, <br>     Defendant. | C.A. No. 24-cv-253-JJM-LDA |

## ORDER

Before the Court are competing motions—Plaintiff Katheryn H.'s Motion to Reverse the Decision of the Commissioner, and Defendant Acting Commissioner Michelle A. King's Motion to Affirm the Decision of the Commissioner. ECF Nos. 9, 10. Katheryn applied for Supplemental Security Income ("SSI") and was denied after the Administrative Law Judge ("ALJ") determined that she was not disabled.

Katheryn appeals to this Court on three grounds; she asserts that: (1) the ALJ failed to properly assess Katheryn's need for a cane; (2) the ALJ misapplied regulations in evaluating treating source opinions and, thus, improperly evaluating them; and (3) The vocational expert's ("VE") testimony was insufficient and, thus, the ALJ's finding that Katheryn could do a significant number of jobs in the national economy was not supported by substantial evidence. ECF No. 9 at 1, 16-17. After a thorough review of the entire record, this Court DENIES the Motion to Reverse and GRANTS the Motion to Affirm.

I. BACKGROUND

Katheryn is 34 years old, possesses a GED, and previously worked as a dispatcher, apartment manager assistant, and collections agent. ECF No. 6 at 27. In 2021, Katheryn sought treatment for scapular pain and was later diagnosed with myofascial pain syndrome and referred to a chiropractor. *Id.* at 21. In January 2022, doctors performed an MRI of the thoracic spine with normal results. *Id.* Katheryn received a trigger point injection in the right mid-trapezius/rhomboid in February 2022 that provided her with some relief for three weeks. *Id.*

The ALJ found that she had several severe impairments, including degenerative disc disease of the lumbar spine, depressive disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"). *Id.* at 21. The medical record also indicates that Katheryn's Body Mass Index ("BMI") places her in the obese range. *Id.* When she evaluated Katheryn's impairments, the ALJ considered the effects of her obese BMI along with her lumbar spine impairment. *Id.*

The ALJ decided that Katheryn had several "non-severe" impairments, including myofascial pain syndrome, sciatica, vitamin B and D deficiency, and obesity. *Id.* The ALJ found that these non-severe impairments "lack ongoing, secondary symptoms that would cause more than a minimal effect on the claimant's ability to perform basic, work-related tasks over a period of twelve consecutive months or more." *Id.* at 21-22.

The ALJ determined at Step Three of the Sequential Evaluation Process that none of Katheryn's physical or mental impairments reach "listing-level" severity. *Id.*

at 22. In her residual functional capacity ("RFC") assessment, the ALJ also noted Katheryn's "robust" reported daily activities such as "caring for her children, driving, shopping, keeping appointments, and managing her own funds." *Id.* at 27. The ALJ also found that Katheryn could not perform her past work but concluded that she could "perform a limited range of light work." *Id.* at 27. On that basis, the ALJ found that Katheryn was not disabled from the alleged onset date of July 31, 2021, through February 9, 2024, the date of the decision. *Id.* at 29.

## II.   STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

3

This Court also keeps in mind throughout its determination that the Social Security Act is a remedial statute that the Commission and courts should broadly construe and liberally apply and whose purpose is to mitigate the rigors of life for those who are disabled or impoverished. *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981); *Drovak v. Celebrezze*, 345 F.2d 894 (10th Cir. 1965).

III. DISCUSSION

   1. Whether the ALJ properly applied Social Security Ruling 96-9p to assess Katheryn's need for a cane.

Katheryn argues that the ALJ improperly assessed her need for a cane under SSR 96-9p, which requires "medical documentation establishing the need for a hand-held assistive device ... and describing the circumstances for which it is needed." ECF No. 9 at 6. Katheryn points to two instances of such documentation on the record—one from Danielle Barry, NP, and one from Jean Twomey, LICSW. *Id.* at 6-7. Ms. Barry's assessment of Katheryn notes "Gait pattern observation: limited mobility: limited ambulation: with cane," ECF No. 6 at 680, while Dr. Twomey notes "Walking slowly and seemingly painfully with the use of a cane related to back pain." *Id.* at 728. The ALJ considered these notes and concluded that neither of them qualifies as "medical documentation establishing the need" for a cane; these medical providers just took note that she used a cane on those two occasions. ECF No. 6 at 25. The record also does not reflect that a medical provider prescribed the cane as a necessary assistive device. Upon its review of the record evidence and the ALJ opinion, the Court agrees that the ALJ's analysis under SSR 96-9 was proper.

4

2. Whether the ALJ properly assessed treating source opinions.

Next, Katheryn appeals based on the ALJ's assessment of treating sources. Her first argument is a technical one; Katheryn argues that she is entitled to a remand because the ALJ applied outdated regulations when considering treating source opinions and this error undermines the entirety of the ALJ's medical opinion assessments. ECF No. 9 at 8. The ALJ did cite 20 C.F.R. § 404.1527, which applies to evidence for claims filed before March 27, 2017, and Katheryn filed her claims well after that date. ECF No. 6 at 26. The Commissioner acknowledges the ALJ's error but contends that a one-time citation to an outdated regulation is a mere technical error and, despite it, the ALJ's analysis followed the current, applicable regulations. ECF No. 10 at 2. Technical errors or citation to outdated regulations, in the face of an otherwise proper analysis, is not reversible error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination.'") Thus, the Court will move on to consider the ALJ's substantive analysis of Katheryn's medical provider opinions within the parameters that the ALJ is bound by when they review medical opinions.

The key factors in an ALJ's medical opinion analysis are "supportability" and "consistency." 20 C.F.R. § 404.1520b(2). "Supportability" speaks to how relevant this source's objective medical evidence and supporting explanations are with respect to the source's conclusion. *Id.* § 404.1520c(1). "Consistency" addresses whether this medical opinion follows the evidence from "other medical sources and non-medical

sources in the claim." *Id.* § 404.1520c(2). That said, the obligation to evaluate these factors only attaches to opinions that qualify as "medical opinions" under 20 C.F.R. § 404.1513a(2). To qualify as a medical opinion that calls for this analysis, the opinion must outline "what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions [in the following listed abilities]." 20 C.F.R. § 404.1513a(2).

Katheryn argues that the ALJ did not properly address the supportability and consistency factors for any of the treating source opinions here, entitling her to remand. ECF No. 9 at 8-10. The Commissioner counters that the opinions—absent those provided by state agency consultants—do not qualify as "medical opinions" and thus are not entitled to such an analysis. ECF No. 10 at 14-16. The Court will consider each source and its respective opinion in turn.

    a.    Opinion Letter of Jean Twomey, LICSW, Ph.D.

Katheryn takes issue with the ALJ's assessment of Jean Twomey's opinion primarily for two reasons: she cites an outdated regulation and only addresses a small part of the letter that makes her unable to perform a supportability or consistency analysis. ECF No. 9 at 12-13. The Commissioner argues that the citation was a technical error, and the letter does not qualify as a medical opinion, thus, she did not have an obligation to perform the requisite analysis. ECF No. 10 at 14.

The first issue—the outdated regulation—the Court has addressed above. As to the second issue, the Court agrees that Dr. Twomey did not provide a proper medical opinion under 20 C.F.R. § 404.1513a(2). Though the opinion letter offered

6

helpful background with respect to Katheryn's medical and personal history, it did not provide insight on what Katheryn can do despite her impairments as required by 20 C.F.R. § 404.1513. *Id.* So, while she reviewed this opinion letter in its entirety, the ALJ did not have to perform a complete supportability or consistency analysis for it in her decision.

        b.     Neuropsychological Evaluation by Andrew Taytslin, Psy.D.

Katheryn also takes issue with the ALJ's assessment of Andrew Taytslin, Psy.D.'s opinion letter. She argues that the ALJ did not "articulate supportability or consistency of Dr. Taytslin's conclusions or the coping skills assigned" and claims the ALJ's assessment of the opinion as "generally persuasive about some moderate limitations" is outcome-based and does not properly articulate her findings. ECF No. 9 at 12. Katheryn also highlights the ALJ's failure to explain why he did not include in the RFC finding the coping skills Dr. Taytslin recommended. *Id.* at 11-12. These coping skills included, among others, the recommendation to "[a]llow yourself short breaks between tasks to regroup and reference your organizers and schedules to ensure you are completing tasks." *Id.* at 11. The Commissioner contends that this was not a medical opinion and thus the ALJ did not have to perform a complete consistency and supportability analysis. ECF No. 10 at 8. As for the coping skills suggested in the letter, the Commissioner claims that these are mere recommendations and that ALJs do not have to include "non-imperative recommendations" in the RFC. *Id. at* 16.

7

While Dr. Taytslin is a licensed psychologist, his evaluation does not qualify as a medical opinion because he does not "articulate a function-by-function assessment of the claimant's limitations." ECF No. 6 at 26. He comprehensively and thoroughly addresses Katheryn's mental health diagnoses but fails to address her specific limitations and abilities in a manner that complies with 20 C.F.R. § 404.1513. However, it is clear that the ALJ did not dismiss Dr. Taytslin's evaluation; she aptly observed that the opinion is "vague" and did not warrant a complete medical opinion analysis, but also noted that the evaluation as a whole was "supported by the results of objective testing." *Id.* Thus, the Court finds that the ALJ's assessment of Dr. Taytslin's neuropsychological evaluation was proper.

    c.    **State Agency Medical Consultants**

Katheryn argues that the ALJ provided an insufficient analysis of the medical consultant opinions by Charles Kahn, M.D., and Henry Laurelli, M.D., in her decision. ECF No. 9 at 10. She claims that the ALJ did not consider the "consistency" factor with respect to these opinions as 20 C.F.R. § 404.1520c requires.

While the applicable regulation does not articulate the depth with which an ALJ must describe "supportability" and "consistency" factors, an ALJ is still tasked with explaining how she considered them. 20 C.F.R. § 404.1520c. As to the "supportability" factor, the ALJ opined that the state agency medical consultant opinions are "persuasive because they reviewed nearly all of the relevant medical records and supported their opinions with an explanation based on those records..." ECF No. 6 at 26. The ALJ also stated "The ability to perform a range of light work is

also consistent with later evidence showing a good response to steroid injections (Ex.17F/3) and the claimant's reported daily activities..." *Id.* Thus, Katheryn's argument of a missing "consistency" analysis fails as the ALJ specifically described the consistencies.

Katheryn also contends that the records Dr. Kahn reviewed at the first level and Dr. Laurelli at reconsideration excluded over two hundred pages. ECF No. 9 at 10. She notes that these later records included "observations of impaired gait, cane use, and reduced range of motion," which contradict both doctors' findings based on records that reflect "tenderness to palpation but full range of motion despite pain and normal gait." *Id.* As this Court explained above, the evidence related to Katheryn's cane use did not satisfy the requirement to show "medical documentation establishing the need for a hand-held assistive device" under SSR 96-9p. Still, Katheryn saw this same provider, Danielle Barry, NP, on four other occasions within the record. ECF No. 6 at 547, 553, 672, 678, 684. Of those five recorded visits, Ms. Barry reports "normal gait, no limp, and ambulating with no assistive devices" on all but the April 12, 2022, visit that Katheryn cites to support her need for a cane. *Id.* Furthermore, the most recent visit in the record—June 28, 2022—reflects this "normal" report. *Id.* at 672. Thus, a review of the subsequent "missing" records would have only bolstered the ALJ's finding of "full range of motion despite pain and normal gait" that was supported by substantial evidence. *Id.* at 26.

    d.    **State Agency Psychological Consultants**

Katheryn's chief issue with the opinions of state agency psychological consultants Janice Ritch, Ph.D. and Marsha Hahn, Ph.D. involve the records available at the time they rendered their opinions. She argues that neither Dr. Hahn nor the ALJ ever considered Dr. Twomey's letter and Dr. Ritch lacked access to Dr. Taytslin's opinion. ECF No. 9 at 15. First, a review of the record available to the state agency psychological consultants shows that Dr. Twomey's letter was available to Dr. Hahn at the reconsideration level. ECF No. 6 at 84. Katheryn agrees with this fact but suggests that it was never analyzed as an opinion by Dr. Hahn because the summary of medical evidence was "likely" written by the examiner and "never analyzed as an opinion." ECF No. 9 at 14. But state agency consultants must consider the entirety of the evidence in a claimant's case record, and the Court cannot make a baseless assumption that the ALJ ignored an available opinion. 20 C.F.R. § 404.1513a(a)(1). Second, Dr. Ritch lacked access to Dr. Taytslin's opinion because the first determination level of review, which occurred in March 2022, predated Dr. Taytslin's May 2022 opinion. ECF No. 6 at 86. The opinion, however, is listed in the record as "GERSHON PSYCHOLOGICAL ASSOCIATES 5/14/22 psych evaluation," which aligns with Dr. Taytslin's date of evaluation and his employer at the time. *Id.* So, his opinion was in the record and available to Dr. Hahn at the reconsideration level in August 2022.

### 3. Vocational Expert

Katheryn's final ground for review attacks the VE testimony; she argues that it was improper because the VE's resume does not suggest that she is qualified to

provide national job numbers or opine on them, and the ALJ improperly ignored a conflict between VE testimony and the Dictionary of Occupational Titles. ECF No. 9 at 16-17. The Commissioner objects to both arguments but argues that she waived these challenges because she failed to raise them at the hearing. ECF No. 10 at 17-18.

"[I]n order to develop an appropriate record and then pursue such a claim before the District Court," a Plaintiff must present any objections to VE testimony at the administrative level. *Liam S. v. O'Malley*, No. 23-00194-WES, 2024 WL 260816, at *21-22 (D.R.I. Jan. 24, 2024). At the administrative hearing, Katheryn's representative explicitly declined to object to the VE's credentials and did not make any other relevant objections. ECF No. 6 at 60. So, Katheryn forfeits these challenges because she did not make a timely objection when she had the opportunity to do so.

## IV.   CONCLUSION

For the reasons discussed above, the Court DENIES Katheryn's Motion to Reverse the Decision of the Commissioner, ECF No. 9, and GRANTS the Commissioner's Motion to Affirm, ECF No. 10.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

February 18, 2025